IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ZAIRE MONROE-SHAREEF

       **Plaintiff,**

v.                                                                          **Civil Action No. 2:10cv68**
                                                                          **(Judge Maxwell)**

**SGT. DAVID BUNNER,**
**CO II SHAWNA BUNNER**
**AND BRADY STEPHENS,**

       **Defendants.**

## REPORT AND RECOMMENDATION

### I. Procedural History

On May 25, 2010, the *pro se* plaintiff initiated this case by filing a civil rights complaint against the above-named defendants. He has been granted permission to proceed as a pauper and paid an initial partial filing fee on July 29, 2010. This case is before the undersigned for an initial review and report and recommendation pursuant to LR PL P 2 and 28 U.S.C. §§ 1915(e) and 1915A.

### II. Standard of Review

Because the plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. Complaints which are frivolous or malicious, must be dismissed. 28 U.S.C. § 1915(e).

A complaint is frivolous if it is without arguable merit either in law or in fact. <u>Neitzke v.</u>

Williams, 490 U.S. 319, 325 (1989). However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint filed *in forma pauperis* which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. See Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[1] or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992).

## III. The Complaint

In the complaint, the plaintiff asserts two claims of discrimination. The first claim stems from an incident that occurred on March 31, 2010. On that date, the plaintiff alleges that defendant Shawna Bunner failed to do her job by not informing another correctional officer of the plaintiff's whereabouts. As a result, a code yellow was issued for the plaintiff and he was "written up" for failing to proceed or return, and for confusing count. The plaintiff received a disciplinary hearing and was found guilty based largely on the testimony of Shawna Bunner. As sanctions, the plaintiff received 60 days loss of privileges and had his parole hearing postponed for 90 days.

The plaintiff's second claim of discrimination stems from an incident that occurred on May 18, 2010. On that date, he was told to go to the 76 building by defendant David Bunner. When he arrived, David Bunner and Shawna Bunner were there. The plaintiff was informed that Shawna Bunner had seen him pushing inmate Rutherford in his wheelchair. The plaintiff denied that he did so and in fact, informed David Bunner and Shawna Bunner that he had been in class at that time and his attendance could be verified by his boss, Mrs. Reeves. Shawna Bunner again stated that she saw the plaintiff, and David Bunner, accepting her word, fired the plaintiff and confiscated his "contract

---

[1] Id. at 327.

card." The plaintiff asserts that both David and Shawna Bunner were laughing as he walked away.

The next day, the plaintiff was informed by his boss, Mrs. Reeves, that he had his job back because she verified that he was in class at the time Shawna Bunner contended she saw the plaintiff pushing inmate Rutherford in his wheelchair. The plaintiff states that this proves that Shawna Bunner was lying.

As relief for these alleged discriminatory acts, the plaintiff seeks the following relief:

(1) that David Bunner and Shawna Bunner be removed from their employment with the Division of Corrections.

(2) the plaintiff also seeks punitive damages from Shawna Bunner for the stress and worry caused to his "state of mind health."

### III. Analysis

Although the plaintiff has not clearly stated the law under which he is pursuing his claims, the Court reviews his complaint bearing in mind the well settled principal that "however inartfully pleaded, [a pro se complaint] must be held to less stringent standards than formal pleadings drafted by lawyers . . . ." Estelle v. Gamble, 429 U.S. 97, 106 (1976) (internal quotations omitted). Accordingly, the Court construes the plaintiff's complaint as a 42 U.S.C. § 1983 civil rights claim,[2] thus giving it subject matter jurisdiction pursuant to 28 U.S.C. 1331.[3]

    A. Defendants David and Shawna Bunner[4]

---

[2] See Green v. Maroules, 211 Fed. Appx. 159, 161 (4th Cir. 2006) ("To state a claim under § 1983, a plaintiff must aver that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States.").

[3] "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

[4] The plaintiff asserts that Shawna Bunner is David Bunner's niece.

The equal protection clause protects prisoners from arbitrary discrimination. See Turner v. Safley, 482 U.S. 78, 84 (1987) ("Prison walls do not form a barrier separating prison inmates from the protections of the Constitution."). Moreover, "[a]lthough the special conditions of the prison setting license a degree of discrimination that would not be tolerated in a free environment, there is no general right of prison officials to discriminate against prisoners on grounds of race, sex, religion, and so forth." Crawford v. Indiana Dep't of Corr., 115 F.3d 481, 486 (7th Cir. 1997). To state a claim of unequal treatment under the Equal Protection Clause of the Fourteenth Amendment, the plaintiff "must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional of purposeful discrimination." Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001). "Conclusory allegations of discrimination . . . not supported by any reference to particular acts, practices, or policies" are insufficient to state a claim of discrimination under § 1983. United Black Firefighters of Norfolk v. Hirst, 604 F.2d 844, 847 (4th Cir. 1979).

Here, the plaintiff merely makes conclusory allegations of discrimination against the defendants. In addition, he provides no factual support or evidence to support his claim. Indeed, the plaintiff does not even assert a basis for the alleged discrimination, *i.e,* race, religion, sex. At best, the plaintiff merely establishes that defendant Shawna Bunner was derelict in her duties, that she was mistaken about seeing him push inmate Rutherford in his wheelchair, and that defendant David Bunner acted prematurely by firing the plaintiff without first investigating the plaintiff's claim that he could not have pushed inmate Rutherford because he was in class at that time. Thus, the plaintiff has failed to establish that a violation of his constitutional rights occurred and his case should be dismissed. See Chapman v. Reynolds, 378 F.Supp. 1137, 1140 (W.D.Va. 1974) (a claim

of racial discrimination is a grievous charge which can rise to constitutional dimensions; but "absent some evidence the court will not look behind the decisions of prison officials on mere accusations that" those decisions are motivated by discrimination).

    B.   <u>Defendant Brady Stephens</u>

As to Brady Stephens, the plaintiff makes no specific allegations that defendant Stephens participated in any violation of his constitutional rights. Thus, the plaintiff's claim against defendant Stephens should be dismissed for that reason alone. See <u>Trulock v. Freeh</u>, 275 F.3d 391, 402 (4th Cir.2001)(internal citation omitted) (liability in a civil rights case is "personal, based upon each defendant's own constitutional violations"); <u>see</u> <u>also</u> <u>Wright v. Smith</u>, 21 F.3d 496, 501 (2d Cir. 1994)(in order to establish liability under § 1983, a plaintiff must specify the acts taken by each defendant which violate his constitutional rights).

Nonetheless, because the plaintiff identifies defendant Stephens as a Magistrate, it appears that he may be alleging that defendant Stephens was the Magistrate who decided his disciplinary proceeding and that Stephens somehow violated the plaintiff's constitutional rights during that proceeding. If that is the case, the plaintiff's claim still fails as a correctional magistrate has qualified immunity from damages when acting in his official capacity. <u>Cook v. Rubenstein</u>, No. 3:07cv91, 2009 WL 667179 *10 (N.D. W.Va March 12, 2009) (citing <u>Butz v. Economou</u>, 438, 508 (1978) ("although a qualified immunity from damages liability should be the general rule for executive officials charged with constitutional violations, our decisions recognize that there are some officials whose special functions require a full exemption from liability"); <u>Ward v. Johnson</u>, 690 F.2d 1098 (4th Cir. 1982)(absolute immunity attaches to certain members of the executive branch when their role in administrative adjudicatory proceedings is functionally comparable to that

of a judge)).

## IV. Recommendation

For the reasons stated, the undersigned recommends that the plaintiff's complaint (dckt. 1) be **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915(e) and 1915A for the failure to state a claim for which relief may be granted and that this case be removed from the active docket of this Court.

Within **fourteen (14) days** after being served with a copy of this recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from **a** judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: August 5, 2010

_____
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE